IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :

THE CORPORATE EXECUTIVE BOARD
COMPANY,
              :     Civil Action No. _____

          Plaintiff,    :

          :

   -against-          :

          :

JOHN DOES,
          :

          Defendants.  :

          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiff The Corporate Executive Board Company ("Plaintiff") alleges against

Defendant John Does (collectively "Defendants" or "Defendant Does") as follows:

### NATURE OF THE ACTION

1.  This action is for permanent injunctive relief, damages, and attorneys' fees and costs

arising out of Defendants' acts of defamation, defamation per se, and tortious interference with

Plaintiff's existing and prospective contractual relations.

### THE PARTIES

2.  Plaintiff The Corporate Executive Board Company is a Delaware corporation, with its

principal place of business at 2000 Pennsylvania Avenue, N.W., Washington, D.C., 20006-1859.

3.  Defendant Does are person or persons responsible for sending an e-mail message on

November 19, 2006, under the pseudonym "Andrea Orthman," from the e-mail address

<anasazi.krieger@gmail.com>.  Plaintiff does not know the true name or capacity of the

Defendant Does and therefore sues these Defendants by a fictitious name. On information and belief, Defendant Does are not citizens of the District of Columbia or the State of Delaware.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and, on information and belief, is between citizens of different states.

5. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district, *inter alia*, because the statements at issue describe conduct that purportedly took place within this district, and because Plaintiff maintains its principal place of business within this district and Defendants' conduct has caused and will cause significant injury within this district.

6. Personal jurisdiction is proper pursuant to Section 13-423(a) of the D.C. Code by virtue of Defendants' direct action alleged herein, which has caused tortious injury in the District of Columbia by an act or omission either inside or outside the District of Columbia, depending on the source of e-mail at the heart of the conduct alleged, and because Defendants have engaged in a persistent course of conduct in the District of Columbia by virtue of Defendants' likely connections to Plaintiff within the District of Columbia.

## BACKGROUND

7. Plaintiff was founded in 1979 as the Research Counsel of Washington, and has over 20 years of experience in providing a broad range of high-quality services to its membership. Plaintiff is a leading provider of best practices research and analysis focusing on corporate strategy, operations and general management issues. Plaintiff provides its integrated set of

2

services currently to more than 2,800 of the world's largest and most prestigious corporations, including over 80% of the Fortune 500. These services are provided primarily on an annual subscription basis and include best practices research studies, executive education seminars, customized research briefs and Web-based access to a library of over 275,000 corporate best practices.

8.   Defendants unlawfully published false, malicious, defamatory, and materially misleading comments regarding Plaintiff by sending an e-mail to over 130 of Plaintiff's corporate members, thereby damaging Plaintiff's business and reputation, and interfering with Plaintiff's existing and prospective contracts with, *inter alia*, Plaintiff's current and prospective members.

9.   Specifically, on or about November 19, 2006, one or more of Defendants published the following statements concerning Plaintiff in an e-mail (the "Defamatory E-Mail") from the e-mail address <anasazi.krieger@gmail.com> and falsely used the name "Andrea Orthman" as the purported source of the Defamatory E-mail:

> Subject: The VIP Forum Fabricated Research
>
> Dear VIP Members,
>
> Since I am leaving the Corporate Executive Board, I owe it to my conscience to inform you all that all the research that you have requested or been requested to participate in is fake. Analysts at the company simply copied and pasted information from various sources or just fabricated examples in some instances. Please do not base your decision making on that information.
>
> For specific information, please contact the Corporate Executive Board or me personally.
>
> Sincerely,
>
> Andrea Orthman

10.    Each of the statements contained in the Defamatory E-Mail was either literally false or was used within the context of the Defamatory E-Mail to create a false implication. Defendants either knew that the Defamatory E-Mail was false, or were reckless and indifferent as to whether it was false when it was made. Up to and including the time frame in which Defendants' Defamatory E-Mail was sent, Plaintiff did not participate in any fake or fabricated research. Defendants' Defamatory E-Mail also falsely characterized Plaintiff's research and analysis process. Moreover, Defendants' Defamatory E-Mail was not sent by Andrea Orthman. As a result, Defendants' Defamatory E-Mail was false, malicious, defamatory, and materially misleading.

11.    Defendants' false, malicious, defamatory, and materially misleading Defamatory E-Mail is particularly harmful to Plaintiff because it was targeted to certain of Plaintiff's members who have fiduciary duties to their own clients to safeguard and grow investments and assets, and who are therefore especially likely to be concerned by allegations of "fabricated" or "fake" research. Defendants' Defamatory E-mail was designed to undermine the confidence of Plaintiff's members in Plaintiff's services and in Plaintiff's candor.

12.    On information and belief, "Andrea Orthman" is not the real name of any of the Defendants.

13.    On information and belief, Defendants may also be responsible for posting or publishing additional false, malicious, defamatory, and materially misleading statements that are currently unknown to Plaintiff.

### FIRST CLAIM FOR RELIEF
### (Common Law Defamation)

14.    The allegations contained in paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

4

15.    Defendants anonymously published the above-listed false, malicious, defamatory, and materially misleading statements regarding Plaintiff through a broadcast e-mail sent to a significant number of Plaintiff's members.

16.    On information and belief, Defendants knew of the falsity of such statements at the time they made them or were reckless and indifferent to the falsity of such statements at the time they made them.

17.    On information and belief, Defendants made such knowingly false statements with actual malice, hatred and personal animosity toward Plaintiff and its businesses.

18.    Defendants' false statements constitute common law libel, slander and defamation against Plaintiff, entitling Plaintiff to exemplary damages.

19.    As a result of Defendants' conduct, Plaintiff has been damaged in an amount greater than $75,000, exclusive of interest and costs.

## SECOND CLAIM FOR RELIEF
### (Defamation *per se*)

20.    The allegations contained in paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21.    Truthfulness and the avoidance of criminal offenses involving fraud are basic requirements of success in business generally and particularly in the success of Plaintiff's business of advising and providing research services and other support to other businesses.  It is imperative for Plaintiff to earn the trust and respect of Plaintiff's members and its potential members.  In the current business environment, it is essential, and it follows that a reputation for honesty and following the law is indispensable, to the pursuit of Plaintiff's business.  In short, if one cannot be relied upon to avoid fraudulent or dishonest conduct, one cannot succeed in the business of advising and providing research services and other support to other businesses.

5

22.     Defendants' false statements impute to Plaintiff the commission of criminal offenses involving moral turpitude, namely, fraud.

23.     Defendants' false statements impute that Plaintiff is dishonest and therefore unfit to provide advice, research services, and other support to other businesses.

24.     Defendants' false statements prejudice Plaintiff in its business of advising and providing research services and other support to other businesses.

25.     Defendants' false statements containing such imputations are necessarily hurtful to Plaintiff's businesses.

26.     Defendants' Defamatory E-mail is false and was false at the time it was sent.

27.     On information and belief, Defendants knew of the falsity of their Defamatory E-mail at the time they published it or were reckless and indifferent as to the falsity of the Defamatory E-mail at the time that they published it.

28.     On information and belief, Defendants made such knowingly false statements with actual malice, hatred and personal animosity toward Plaintiff, with the intention of damaging Plaintiff's reputation and the ability of Plaintiff to provide and obtain compensation for Plaintiff's research services and other support.

29.     Defendants' false statements therefore constitute libel, slander, and defamation *per se* against Plaintiff, entitling Plaintiff to exemplary damages

30.     As a result of Defendants' conduct, Plaintiff has been damaged in an amount greater than $75,000, exclusive of interest and costs.

## THIRD CLAIM FOR RELIEF
### (Interference With Existing Contractual Relations)

31.     The allegations contained in paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32.     On information and belief, Defendants had knowledge of the existence of contractual relations between Plaintiff and Plaintiff's members (the "Members").

33.     Without any justifiable basis, Defendants attempted to interfere with the existing contractual relations between Plaintiff and the Members by anonymously publishing to numerous Members false, malicious and defamatory statements about Plaintiff.

34.     Defendants' Defamatory E-mail was calculated to interfere with and improperly burden the contractual relationships between Plaintiff and the Members.

35.     As a result of Defendants' conduct, Plaintiff has been damaged in an amount greater than $75,000, exclusive of interest and costs.

36.     In doing the acts alleged herein, Defendants acted with fraud, malice or gross negligence, entitling Plaintiff to exemplary damages.

### FOURTH CLAIM FOR RELIEF
### (Interference With Prospective Contractual Relations)

37.     The allegations contained in paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38.     Without any justifiable basis, Defendants knowingly and intentionally published false and defamatory comments about Plaintiff through a broadcast e-mail sent to numerous Plaintiff's Members.  On information and belief, Defendants' Defamatory E-mail has also been circulated to prospective Members.

39.     Defendants' publication was calculated to interfere with Plaintiff's relations with the Members, prospective Members, and others to Plaintiff's disadvantage.

40.     On information and belief, Defendants' publication has induced prospective Members not to deal with Plaintiff or current Members to refrain from engaging or expanding their involvement with Plaintiff's services.

41.     As a result of Defendants' conduct, Plaintiff has been damaged in an amount greater than $75,000, exclusive of interest and costs.

42.     In doing the acts alleged herein, Defendants acted with fraud, malice or gross negligence, entitling Plaintiff to exemplary damages.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

    a)   For an injunction enjoining Defendants and their respective agents, servants, employees, officers, and assigns, and all other persons in active concert or participation with him from further publication of any false, malicious, defamatory or materially misleading comments regarding Plaintiff;

    b)   For an award of money damages in accordance with the evidence, together with interest thereon for damage to Plaintiff's personal and business reputations;

    c)   For an award of punitive damages sufficient to punish and deter the conduct complained of herein;

    d)   For attorneys' fees and costs of suit herein;

    e)   For a retraction of the false, malicious, defamatory, and materially misleading statements complained of herein; and

    f)   For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED:      Washington, D.C.
               November 22, 2006

GIBSON, DUNN & CRUTCHER LLP

By: _____
      Terence P. Ross (D.C. Bar No. 376062)

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

*Attorneys for Plaintiff The Corporate Executive Board Company*

100117761_1.DOC

9

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THE CORPORATE EXECUTIVE BOARD COMPANY | JOHN DOES |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dist. of Columbia<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)    Unknown<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Terrence P. Ross, GIBSON, DUNN & CRUTCHER, LLP, 1050 Connecticut Avenue, NW, Washington, D.C. 20036; (202) 955-8500 | Unknown |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.  Antitrust**

- ☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☒ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.  General Civil (Other)**    OR    ○ **F.  Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Defamation, defamation per se, tortious interference with contractual relations, tortious interference with prospective contractual relations

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ _____ <br> JURY DEMAND: | Check YES only if demanded in complaint <br> YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  Nov. 22, 2006        SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.