IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
THE CORPORATE EXECUTIVE BOARD COMPANY :
2000 Pennsylvania Avenue, N.W., :
Washington, D.C., 20006-1859, :   Civil Action No. 06-2006
:
Plaintiff, :
:
-against- :
:
JOHN DOES, :
:
Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF FILING OF PLAINTIFF'S COMPLAINT**

On November 22, 2006, Plaintiff, The Corporate Executive Board Company ("Plaintiff"), by undersigned counsel, filed a complaint against defendants. At that time, Plaintiff's complaint inadvertently omitted Plaintiff's address from the complaint caption. Plaintiff's complaint with address is attached to this notice for filing by the Court.

DATED:   December 1, 2006

GIBSON, DUNN & CRUTCHER LLP

By: _____/S/ Terence P. Ross_____
     Terence P. Ross (D.C. Bar No. 376062)

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

*Attorneys for Plaintiff The Corporate Executive Board Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
THE CORPORATE EXECUTIVE BOARD COMPANY :
2000 Pennsylvania Avenue, N.W., :
Washington, D.C., 20006-1859, : Civil Action No. 06-2006
:
                Plaintiff, :
:
  -against- :
:
JOHN DOES, :
:
                Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

      Plaintiff The Corporate Executive Board Company ("Plaintiff") alleges against Defendant John Does (collectively "Defendants" or "Defendant Does") as follows:

### NATURE OF THE ACTION

      1.  This action is for permanent injunctive relief, damages, and attorneys' fees and costs arising out of Defendants' acts of defamation, defamation per se, and tortious interference with Plaintiff's existing and prospective contractual relations.

### THE PARTIES

      2.  Plaintiff The Corporate Executive Board Company is a Delaware corporation, with its principal place of business at 2000 Pennsylvania Avenue, N.W., Washington, D.C., 20006-1859.

      3.  Defendant Does are person or persons responsible for sending an e-mail message on November 19, 2006, under the pseudonym "Andrea Orthman," from the e-mail address <anasazi.krieger@gmail.com>. Plaintiff does not know the true name or capacity of the

2

Defendant Does and therefore sues these Defendants by a fictitious name.  On information and belief, Defendant Does are not citizens of the District of Columbia or the State of Delaware.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and, on information and belief, is between citizens of different states.

5.   Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district, *inter alia*, because the statements at issue describe conduct that purportedly took place within this district, and because Plaintiff maintains its principal place of business within this district and Defendants' conduct has caused and will cause significant injury within this district.

6.   Personal jurisdiction is proper pursuant to Section 13-423(a) of the D.C. Code by virtue of Defendants' direct action alleged herein, which has caused tortious injury in the District of Columbia by an act or omission either inside or outside the District of Columbia, depending on the source of e-mail at the heart of the conduct alleged, and because Defendants have engaged in a persistent course of conduct in the District of Columbia by virtue of Defendants' likely connections to Plaintiff within the District of Columbia.

## BACKGROUND

7.   Plaintiff was founded in 1979 as the Research Counsel of Washington, and has over 20 years of experience in providing a broad range of high-quality services to its membership. Plaintiff is a leading provider of best practices research and analysis focusing on corporate strategy, operations and general management issues.  Plaintiff provides its integrated set of

3

services currently to more than 2,800 of the world's largest and most prestigious corporations, including over 80% of the Fortune 500. These services are provided primarily on an annual subscription basis and include best practices research studies, executive education seminars, customized research briefs and Web-based access to a library of over 275,000 corporate best practices.

8. Defendants unlawfully published false, malicious, defamatory, and materially misleading comments regarding Plaintiff by sending an e-mail to over 130 of Plaintiff's corporate members, thereby damaging Plaintiff's business and reputation, and interfering with Plaintiff's existing and prospective contracts with, *inter alia*, Plaintiff's current and prospective members.

9. Specifically, on or about November 19, 2006, one or more of Defendants published the following statements concerning Plaintiff in an e-mail (the "Defamatory E-Mail") from the e-mail address <anasazi.krieger@gmail.com> and falsely used the name "Andrea Orthman" as the purported source of the Defamatory E-mail:

> Subject: The VIP Forum Fabricated Research
>
> Dear VIP Members,
>
> Since I am leaving the Corporate Executive Board, I owe it to my conscience to inform you all that all the research that you have requested or been requested to participate in is fake. Analysts at the company simply copied and pasted information from various sources or just fabricated examples in some instances. Please do not base your decision making on that information.
>
> For specific information, please contact the Corporate Executive Board or me personally.
>
> Sincerely,
>
> Andrea Orthman

10. Each of the statements contained in the Defamatory E-Mail was either literally false or was used within the context of the Defamatory E-Mail to create a false implication. Defendants either knew that the Defamatory E-Mail was false, or were reckless and indifferent as to whether it was false when it was made. Up to and including the time frame in which Defendants' Defamatory E-Mail was sent, Plaintiff did not participate in any fake or fabricated research. Defendants' Defamatory E-Mail also falsely characterized Plaintiff's research and analysis process. Moreover, Defendants' Defamatory E-Mail was not sent by Andrea Orthman. As a result, Defendants' Defamatory E-Mail was false, malicious, defamatory, and materially misleading.

11. Defendants' false, malicious, defamatory, and materially misleading Defamatory E-Mail is particularly harmful to Plaintiff because it was targeted to certain of Plaintiff's members who have fiduciary duties to their own clients to safeguard and grow investments and assets, and who are therefore especially likely to be concerned by allegations of "fabricated" or "fake" research. Defendants' Defamatory E-mail was designed to undermine the confidence of Plaintiff's members in Plaintiff's services and in Plaintiff's candor.

12. On information and belief, "Andrea Orthman" is not the real name of any of the Defendants.

13. On information and belief, Defendants may also be responsible for posting or publishing additional false, malicious, defamatory, and materially misleading statements that are currently unknown to Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(Common Law Defamation)**

14. The allegations contained in paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

5

15. Defendants anonymously published the above-listed false, malicious, defamatory, and materially misleading statements regarding Plaintiff through a broadcast e-mail sent to a significant number of Plaintiff's members.

16. On information and belief, Defendants knew of the falsity of such statements at the time they made them or were reckless and indifferent to the falsity of such statements at the time they made them.

17. On information and belief, Defendants made such knowingly false statements with actual malice, hatred and personal animosity toward Plaintiff and its businesses.

18. Defendants' false statements constitute common law libel, slander and defamation against Plaintiff, entitling Plaintiff to exemplary damages.

19. As a result of Defendants' conduct, Plaintiff has been damaged in an amount greater than $75,000, exclusive of interest and costs.

## SECOND CLAIM FOR RELIEF
### (Defamation *per se*)

20. The allegations contained in paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21. Truthfulness and the avoidance of criminal offenses involving fraud are basic requirements of success in business generally and particularly in the success of Plaintiff's business of advising and providing research services and other support to other businesses. It is imperative for Plaintiff to earn the trust and respect of Plaintiff's members and its potential members. In the current business environment, it is essential, and it follows that a reputation for honesty and following the law is indispensable, to the pursuit of Plaintiff's business. In short, if one cannot be relied upon to avoid fraudulent or dishonest conduct, one cannot succeed in the business of advising and providing research services and other support to other businesses.

22. Defendants' false statements impute to Plaintiff the commission of criminal offenses involving moral turpitude, namely, fraud.

23. Defendants' false statements impute that Plaintiff is dishonest and therefore unfit to provide advice, research services, and other support to other businesses.

24. Defendants' false statements prejudice Plaintiff in its business of advising and providing research services and other support to other businesses.

25. Defendants' false statements containing such imputations are necessarily hurtful to Plaintiff's businesses.

26. Defendants' Defamatory E-mail is false and was false at the time it was sent.

27. On information and belief, Defendants knew of the falsity of their Defamatory E-mail at the time they published it or were reckless and indifferent as to the falsity of the Defamatory E-mail at the time that they published it.

28. On information and belief, Defendants made such knowingly false statements with actual malice, hatred and personal animosity toward Plaintiff, with the intention of damaging Plaintiff's reputation and the ability of Plaintiff to provide and obtain compensation for Plaintiff's research services and other support.

29. Defendants' false statements therefore constitute libel, slander, and defamation *per se* against Plaintiff, entitling Plaintiff to exemplary damages

30. As a result of Defendants' conduct, Plaintiff has been damaged in an amount greater than $75,000, exclusive of interest and costs.

**THIRD CLAIM FOR RELIEF**
**(Interference With Existing Contractual Relations)**

31. The allegations contained in paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32. On information and belief, Defendants had knowledge of the existence of contractual relations between Plaintiff and Plaintiff's members (the "Members").

33. Without any justifiable basis, Defendants attempted to interfere with the existing contractual relations between Plaintiff and the Members by anonymously publishing to numerous Members false, malicious and defamatory statements about Plaintiff.

34. Defendants' Defamatory E-mail was calculated to interfere with and improperly burden the contractual relationships between Plaintiff and the Members.

35. As a result of Defendants' conduct, Plaintiff has been damaged in an amount greater than $75,000, exclusive of interest and costs.

36. In doing the acts alleged herein, Defendants acted with fraud, malice or gross negligence, entitling Plaintiff to exemplary damages.

## FOURTH CLAIM FOR RELIEF
### (Interference With Prospective Contractual Relations)

37. The allegations contained in paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38. Without any justifiable basis, Defendants knowingly and intentionally published false and defamatory comments about Plaintiff through a broadcast e-mail sent to numerous Plaintiff's Members. On information and belief, Defendants' Defamatory E-mail has also been circulated to prospective Members.

39. Defendants' publication was calculated to interfere with Plaintiff's relations with the Members, prospective Members, and others to Plaintiff's disadvantage.

40. On information and belief, Defendants' publication has induced prospective Members not to deal with Plaintiff or current Members to refrain from engaging or expanding their involvement with Plaintiff's services.

41. As a result of Defendants' conduct, Plaintiff has been damaged in an amount greater than $75,000, exclusive of interest and costs.

42. In doing the acts alleged herein, Defendants acted with fraud, malice or gross negligence, entitling Plaintiff to exemplary damages.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

   a) For an injunction enjoining Defendants and their respective agents, servants, employees, officers, and assigns, and all other persons in active concert or participation with him from further publication of any false, malicious, defamatory or materially misleading comments regarding Plaintiff;

   b) For an award of money damages in accordance with the evidence, together with interest thereon for damage to Plaintiff's personal and business reputations;

   c) For an award of punitive damages sufficient to punish and deter the conduct complained of herein;

   d) For attorneys' fees and costs of suit herein;

   e) For a retraction of the false, malicious, defamatory, and materially misleading statements complained of herein; and

   f) For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

DATED:   Washington, D.C.
         November 22, 2006

                      GIBSON, DUNN & CRUTCHER LLP

                      By:   /S/ Terence P. Ross
                            Terence P. Ross (D.C. Bar No. 376062)

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

*Attorneys for Plaintiff The Corporate Executive Board Company*

Notice of Filing.doc